IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

KEVIN TRUONG, individually and on behalf of a class of all persons and entities similarly situated;

    Plaintiff,

v.

TRUIST FINANCIAL CORPORATION,

    Defendant.

Case No. 3:23-cv-79

JURY DEMAND

## CLASS ACTION COMPLAINT

### Preliminary Statement

1. "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls . . . As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. Plaintiff Kevin Truong ("Plaintiff") brings this action for relief under the TCPA, 47 U.S.C. § 227, after receiving numerous robocalls from Defendant Truist Financial Corporation ("Defendant" or "Truist") on his cellular telephone.

3. Plaintiff seeks certification of a class of similarly situated individuals, as well as monetary and injunctive relief as described below.

### Parties

4. Plaintiff Kevin Truong is an individual person and a resident of Georgetown, TX.

5. Truist is a North Carolina corporation with its principal place of business in Charlotte, North Carolina.

**Jurisdiction & Venue**

6. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Truist resides in this district.

**Factual Allegations**

8. At all times relevant hereto, Plaintiff subscribed to cellular telephone service for the number (712) 345-XXX ("Plaintiff's Number").

9. Between September 14, 2021 and October 25, 2021, Truist placed at least twenty four prerecorded robocalls to Plaintiff's Number requesting a call back to 888-259-8462.

10. These calls used a prerecorded and robotic sounding voice to convey virtually identical messages, which were recorded by Plaintiff's voicemail.

11. Some of these calls conveyed the following message:

> This is a courtesy call from BB&T, now Truist, for Arnold Norgan. This is not a sales call. Please return our call toll free at 888-259-8462. Again that phone number is 888-259-8462. Thank you for banking with BB&T.

12. Others conveyed the following message:

> This is a courtesy call from BB&T, now Truist, for Carrie Medlin. This is not a sales call. Please return our call toll free at 888-259-8462. Again that phone number is 888-259-8462. Thank you for banking with BB&T.

13. Others conveyed the following message:

> This is a courtesy call from Truist for Arnold Norgan. This is not a sales call. Please return our call toll free at 888-259-8462. Again that phone number is 888-259-8462. Thank you for banking with Truist.

14. Others conveyed the following message:

> This is a courtesy call from Truist for Carrie Medlin. This is not a sales call. Please return our call toll free at 888-259-8462. Again that phone number is 888-259-8462. Thank you for banking with Truist.

15. Between November 4, 2021 and December 8, 2021, Truist placed at least eleven prerecorded robocalls to Plaintiff's Number requesting a call back to 888-765-1808.

16. These calls used a prerecorded and robotic sounding voice to convey virtually identical messages, which were recorded by Plaintiff's voicemail

17. These calls conveyed the following message:

> This is Truist calling with important information for Carrie Medlin. This is not a sales call. Please return our call toll free at 888-765-1808. Again that phone number is 888-765-1808. Thank you for banking with Truist.

18. At all times relevant hereto, Truist utilized the telephone number numbers 888-259-8462 and 888-765-1808 in its call centers.

19. Plaintiff does not have a relationship with Truist and did not consent receive these calls

20. These calls injured Plaintiff by invading his privacy, interfering with his cellular telephone phone, and wasting his time.

21. Truist placed these calls to Plaintiff in order to locate and/or collect payment from at least two separate Truist account holders, Arnold Norgan and Carrie Medlin.

22. Plaintiff does not know Arnold Norgan or Carrie Medlin and has no relationship with them.

23. Truist added Plaintiff's phone number into its records as a number to be called to locate and/or collect payment from the account holder for at least two separate accounts even though Plaintiff has no connection to either of those accounts.

3

24. At all times relevant hereto, Truist had a practice of calling non-account holders, such as Plaintiff, in order to locate and/or collect payment from its account holders.

25. Numerous non-account holders have complained online about receiving similar calls from Truist from 888-259-8462 despite having no Truist account. *See e.g.,* *https://800notes.com/Phone.aspx/1-888-259-8462 (last visited January 26, 2023).*

26. Numerous non-account holders have complained online about receiving similar calls from Truist from 888-765-1808 despite having no Truist account. *See e.g.,* *https://800notes.com/Phone.aspx/1-888-765-1808 (last visited January 26, 2023).*

## Class Action Statement

27. As authorized by Rule 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of proposed Class of similarly situated persons throughout the United States.

28. The proposed class is tentatively defined as:

> All persons subscribing to a telephone number assigned to cellular telephone service in the United States to which Defendant placed a prerecorded telephone call concerning an unrelated account since the date that is four years prior to the filing of this complaint.

29. A proposed subclass is tentatively defined as:

> All persons subscribing to a telephone number assigned to cellular telephone service in the United States to which Defendant placed prerecorded telephone calls concerning at least two unrelated accounts since the date that is four years prior to the filing of this complaint.

30. The Classes defined above are identifiable through Defendant's own call records and account records.

31. Given the size of Defendant's business and its calling practices, the class members number at least in the hundreds.

32. Individual joinder of these persons is impracticable.

33. Plaintiff is a member of the Classes.

34. There are questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

    (a) whether Defendant's calls utilized a prerecorded voice;

    (b) whether Defendant willfully or knowingly placed robocalls to non-account holders in order to locate and/or collect payment from its account holders.

35. As a non-account holder, Plaintiff's claims are typical of the claims of members of the Classes.

36. Plaintiff is an adequate representative of the Classes because his interests do not conflict with the interests of the Classes, he will fairly and adequately protect the interests of the Classes, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

37. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.

38. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and the small amount of recoverable damages.

## Legal Claims

### Count One - TCPA

39. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

40. Defendant violated 47 U.S.C. § 227(b)(1)(A) by placing prerecorded telephone calls to Plaintiff's cellular telephone number.

41. Defendant's violations were knowing or willful.

### **Relief Sought**

Plaintiff requests the following relief:

A.     An order enjoining Defendant from placing prerecorded phone calls to non-account holders;

B.     An award of statutory damages to Plaintiff and the class in the amount of $500 for each negligent violation of the TCPA and $1,500 for each knowing or willful violation of the TCPA;

C.     An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D.     Plaintiff requests a jury trial as to all claims of the complaint so triable; and,

E.     Such other relief as the Court deems just and proper.

*Counsel for Plaintiff*

MAGINNIS HOWARD

/s/ *Karl S. Gwaltney*
KARL S. GWALTNEY
N.C. State Bar No. 45118
7706 Six Forks Road, Suite 101
Raleigh, North Carolina 27615
Telephone:  919-526-0450
Fax:  919-882-8763
kgwaltney@maginnishoward.com
**Local Civil Rule 83.1 Counsel for Plaintiff**

/s/ Timothy J. Sostrin
Timothy J. Sostrin
Keith J. Keogh
KEOGH LAW, LTD.
55 W. Monroe St. Suite 3390
Chicago, IL 60603
tsostrin@KeoghLaw.com
*Subject to Pro Hac Vice*