IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

KEVIN TRUONG, individually and on behalf of a class of all persons and entities similarly situated;

    Plaintiff,

v.

TRUIST FINANCIAL CORPORATION,

    Defendant.

Case No. 3:23-cv-79

## TRUIST FINANCIAL CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT

NOW COMES Truist Financial Corporation ("Truist"),[1] by and through its attorneys, and for its Answer and Affirmative Defenses to Plaintiff's Class Action Complaint ("Complaint"), states as follows:

### Preliminary Statement

1. Truist responds that *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020) speaks for itself and denies any allegations in Paragraph 1 inconsistent therewith.

2. Truist admits that Plaintiff purports to bring this action for relief under the TCPA, but denies that it violated the TCPA and denies the remaining allegations in Paragraph 2.

3. Truist admits that Plaintiff seeks certification of a class and seeks monetary and injunctive relief, but denies that the proposed class is suitable for certification pursuant to Fed. R.

---

[1] Plaintiff sued Truist Financial Corporation, which is the holding company for the true party in interest, Truist Bank. Truist will coordinate with Plaintiff to substitute the proper party, Truist Bank.

Civ. P. 23 and denies that Plaintiff or the putative class is entitled to monetary or injunctive relief. Truist denies the remaining allegations in Paragraph 3.

## Parties

4. Truist lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4, and therefore denies the same.

5. Truist admits the allegations in Paragraph 5.

## Jurisdiction & Venue

6. Truist denies that the Court has subject matter jurisdiction over Plaintiff's claims.

7. Truist admits that its principal place of business is Charlotte, North Carolina. Truist is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 7 and, therefore, denies same.

## Factual Allegations

8. Truist lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and therefore denies the same.

9. Truist admits that between September 14, 2021 and October 25, 2021, it placed at least twenty-four calls to number (712) 345-XXXX. Truist lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9, and therefore denies the same.

10. Truist admits that certain calls placed to number (712) 345-XXXX were prerecorded, but Truist lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10, and therefore denies the same.

11. Truist responds that any message allegedly left by Truist speaks for itself and Truist denies any allegations in Paragraph 11 inconsistent therewith.

12. Truist responds that any message allegedly left by Truist speaks for itself and Truist denies any allegations in Paragraph 12 inconsistent therewith.

13. Truist responds that any message allegedly left by Truist speaks for itself and Truist denies any allegations in Paragraph 13 inconsistent therewith.

14. Truist responds that any message allegedly left by Truist speaks for itself and Truist denies any allegations in Paragraph 14 inconsistent therewith.

15. Truist admits that between November 4, 2021 and December 8, 2021, it placed at least eleven calls to number (712) 345-XXXX. Truist lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15, and therefore denies the same.

16. Truist admits that certain calls placed to number (712) 345-XXXX were prerecorded, but Truist lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16, and therefore denies the same.

17. Truist responds that any message allegedly left by Truist speaks for itself and Truist denies any allegations in Paragraph 17 inconsistent therewith.

18. Truist admits that it presently utilizes the alleged telephone numbers. Truist denies the remaining allegations in Paragraph 18.

19. Truist lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore denies the same.

20. Truist denies the allegations in Paragraph 20.

21. Truist admits that the calls it placed were intended to reach Truist account holders. Truist denies the remaining allegations in Paragraph 21.

22. Truist lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and therefore denies the same.

23. Truist denies that it added Plaintiff's phone number into its records. Truist lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23, and therefore denies the same.

24. Truist denies the allegations in Paragraph 24.

25. Truist lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and therefore denies the same.

26. Truist lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and therefore denies the same.

### Class Action Statement

27. Truist admits that Plaintiff purports to bring this action on behalf of similarly situated persons, but denies that the proposed class is suitable for certification pursuant to Fed. R. Civ. P. 23. Truist denies any remaining allegations in Paragraph 27.

28. Truist admits that Plaintiff purports to bring this action on behalf of similarly situated persons, but denies that the proposed class is suitable for certification pursuant to Fed. R. Civ. P. 23. Truist denies any remaining allegations in Paragraph 28.

29. Truist admits that Plaintiff purports to bring this action on behalf of similarly situated persons, but denies that the proposed class is suitable for certification pursuant to Fed. R. Civ. P. 23. Truist denies any remaining allegations in Paragraph 29.

30. Truist denies the allegations in Paragraph 30.

31. Truist denies the allegations in Paragraph 31.

32. Truist denies the allegations in Paragraph 32.

33. Truist lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and therefore denies the same.

34. Truist denies the allegations in Paragraph 34.

35. Truist denies the allegations in Paragraph 35.

36. Truist denies the allegations in Paragraph 36.

37. Truist denies the allegations in Paragraph 37.

38. Truist denies the allegations in Paragraph 38.

## Legal Claims

## Count One - TCPA

39. Truist repeats it answers from all previous paragraphs as though fully set forth herein.

40. Truist denies the allegations in Paragraph 40.

41. Truist denies the allegations in Paragraph 41.

## Relief Sought

Truist denies that Plaintiff or the putative class is entitled to the relief sought, and answers as follows:

A. This paragraph constitutes Plaintiff's request for relief to which no response is required. To the extent a response is required, Truist denies that Plaintiff is entitled to the relief sought.

B. This paragraph constitutes Plaintiff's request for relief to which no response is required. To the extent a response is required, Truist denies that Plaintiff is entitled to the relief sought.

C. This paragraph constitutes Plaintiff's request for relief to which no response is required. To the extent a response is required, Truist denies that Plaintiff is entitled to the relief sought.

D. This paragraph constitutes Plaintiff's request for relief to which no response is required. To the extent a response is required, Truist denies that Plaintiff is entitled to the relief sought.

E. This paragraph constitutes Plaintiff's request for relief to which no response is required. To the extent a response is required, Truist denies that Plaintiff is entitled to the relief sought.

### Demand for Jury Trial

Truist denies that Plaintiff or the putative class is entitled to trial by jury or that such is appropriate in this action.

### AFFIRMATIVE DEFENSES

Truist states the following defenses to Plaintiff's Complaint, without assuming the burden of proof on any such defense that would otherwise rest on the Plaintiff, and reserving the right to amend or supplement its responses to Plaintiff's allegations and Truist's defenses as additional information is obtained through the discovery process or otherwise.

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff lacks Article III standing to bring this action and to represent any purported class because he did not suffer an injury-in-fact as a result of Truist's alleged conduct.

### THIRD DEFENSE

Plaintiff lacks statutory standing under the Section 227(b) of the TCPA to bring this action and to represent any purported class because he is not within the TCPA's protected zone of interest.

### FOURTH DEFENSE

Plaintiff's and the putative class members' claims fail or otherwise are barred, in whole or in part, to the extent they received prerecorded messages that did not actually play.

### FIFTH DEFENSE

Plaintiff's and the putative class members' claims fail or otherwise are barred, in whole or in part, to the extent the calls were made with the prior express consent of the called party.

### SIXTH DEFENSE

Plaintiff's and the putative class members' claims fail or otherwise are barred, in whole or in part, because any alleged injuries were not caused by Truist, but were caused by negligent or intentional acts or omissions of Plaintiff, the putative class members, or third parties, or were caused by superseding or intervening events outside the control Truist.

### SEVENTH DEFENSE

Plaintiff's and the putative class members' claims are barred, in whole are in part, under the doctrine of laches.

### EIGHTH DEFENSE

Plaintiff's and the putative class members' claims are barred, in whole or in part, under the doctrine of unclean hands.

## NINTH DEFENSE

Plaintiff's and the putative class members' claims are barred, in whole or in part, by the doctrines of waiver or estoppel due to their inaction with respect to, or ratification of, the calls allegedly made by Truist.

## TENTH DEFENSE

Application of the TCPA, as interpreted by the FCC, violates the First Amendment of the U.S. Constitution because such application relies upon content-based restrictions of protected speech.

## ELEVENTH DEFENSE

The TCPA is unconstitutionally vague as applied in this case because the restrictions imposed by the TCPA do not give adequate notice of the conduct that is prohibited.

## TWELFTH DEFENSE

Plaintiff's and the putative class members' claims are barred, in whole or in part, as a result of their failure to mitigate their alleged damages, if any, and any recovery should be reduced in proportion to their failure to mitigate such damages.

## THIRTEENTH DEFENSE

To the extent there was any violation of the TCPA, which Truist denies, such violation(s) were not knowing and willful because Truist did not willfully or knowingly contact Plaintiff or putative class members without prior express consent, because Truist acted in good faith and without malice, or because Truist established and implemented reasonable practices, and procedures to effectively prevent violations of the TCPA.

## FOURTEENTH DEFENSE

The amount of damages prescribed by the TCPA statute are so severe and oppressive as to be wholly disproportionate to the offense and obviously unreasonable allowing for the Court to reduce the damage award, if any. Thus, as applied in this case any award of damages should be reduced to comport with due process.

## FIFTEENTH DEFENSE

This action is not maintainable as a class action because the proposed class does not satisfy the requirements under Federal Rule of Civil Procedure 23, including, but not limited to, ascertainability, numerosity, commonality, typicality, adequacy of representation, superiority, and manageability. The damages sought by Plaintiff on behalf of the purported class cannot be recovered without specific proof by each purported class member that he or she has been injured.

## SIXTEENTH DEFENSE

Truist is without sufficient knowledge or information to form a belief as to whether it may have additional, but yet unstated, affirmative defenses available to it, and accordingly, Truist reserves the right to assert additional defenses in the event discovery indicates that the same would be appropriate.

WHEREFORE, Truist respectfully requests that this Court enter judgment in Truist's favor, dismiss the Complaint with prejudice, award Truist all costs and fees incurred herein, and order such further relief this Court deems just, necessary, and appropriate.

Dated: April 5, 2023                              Respectfully submitted,

/s/ *Brian A. Kahn*
Brian A. Kahn (NC State Bar No. 29291)
Alexander G. Keith (NC State Bar No. 57953)
McGUIREWOODS LLP
201 North Tryon Street
Suite 3000
Charlotte, NC 28202
Tel.: (704) 343-2000
Fax: (704) 343-2300
bkahn@mcguirewoods.com
akeith@mcguirewoods.com

Bryan A. Fratkin (Va. State Bar No. 38933)
(*admitted pro hac vice*)
Katherine E. Lehnen (Va. State Bar No. 92357)
(*admitted pro hac vice*)
McGUIREWOODS LLP
800 East Canal Street
Richmond, VA 23219
Tel.: (804) 775-1000
Fax: (804) 775-1061
bfratkin@mcguirewoods.com
klehnen@mcguirewoods.com

Sarah A. Zielinski (IL State Bar No. 6294156)
(*admitted pro hac vice*)
McGUIREWOODS LLP
77 West Wacker Drive
Suite 4100
Chicago, IL 60601
Tel.: (312) 849-8288
Fax: (312) 698-4598
szielinski@mcguirewoods.com

*Counsel for Truist Financial Corporation*

# CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2023, a copy of the foregoing was filed electronically with the Clerk of the Court for the Western District of North Carolina by using the CM/ECF system. Counsel for all parties in this case are registered CM/ECF users and will be served by the CM/ECF system.

/s/ *Brian A. Kahn*
Brian A. Kahn

11
Case 3:23-cv-00079-MOC-DCK   Document 19   Filed 04/05/23   Page 11 of 11