# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CASE NO. 3:23-CV-079-MOC-DCK

| | |
|---|---|
| KEVIN TRUONG, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **STIPULATED PROTECTIVE** |
| ) | **ORDER** |
| TRUIST BANK, ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the Parties' "Joint Motion For Entry Of A Protective Order" (Document No. 25) filed June 7, 2023. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion and enter the Parties' proposed Protective Order as follows.

This matter comes before the Court by stipulation of Defendant Truist Bank ("Defendant") and Plaintiff Kevin Truong ("Plaintiff") for the entry of a protective order limiting the review, copying, dissemination, and filing of confidential and/or proprietary documents and information to be produced by either Defendant or Plaintiff (each a "Party" and collectively the "Parties") and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below (the "Order").

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. This Order is being entered into to facilitate the production, exchange, and discovery of documents and information that any Party

or non-party believes in good faith merit confidential treatment. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Order.

Notwithstanding the provisions of this Order, the ultimate disposition of protected materials is subject to a final order of the Court on the completion of litigation. See ("Pretrial Order and Case Management Plan" Document No. 24 ¶ F.)

Any Party may designate any documents, deposition testimony, discovery responses and other information produced or made available by a Party in this action ("Disclosure Material") as "Confidential." Confidential information shall consist of Disclosure Material that contains or references any proprietary business information, competitively sensitive information, trade secrets, personally identifying information, or any other non-public information which, in the good faith judgment of the Party making the designation, would be detrimental if disclosed ("Confidential Information"). Information shall be deemed "Confidential Information" when a Party marks the first page of a document "Confidential," or when a Party provides written notice that a document (or part of a document) is "Confidential." All protections and procedures applicable under this Order apply to the Confidential Information.

The failure to initially designate any Disclosure Material as Confidential Information shall not affect the ability of a Party to go back and subsequently designate the material as Confidential Information.

Confidential Information shall be used by the receiving party solely for the purpose of the prosecution or defense of this action, shall not be used for any business, commercial, competitive, personal or other purpose, and shall not be delivered, disclosed, or disseminated except to a "Qualified Person," defined as follows:

a. the Parties' outside counsel in this action, including their attorneys and any employee or independent contractor assisting counsel in this action;

b. a party, including in the case of corporate parties, its directors and officers, and employees who are involved in and designated to assist counsel in this action;

c. experts, including non-testifying experts, who are assisting counsel in the preparation of this action and who are not employees of a Party, including their assistants and stenographical, secretarial, or clerical personnel;

d. any person as to whom the designating Party has consented to disclosure in advance and in writing, on notice to each Party hereto;

e. non-technical jury or trial consulting services retained by counsel;

f. document imaging and database services personnel retained by counsel, and consultants retained by counsel to set up, maintain, and/or operate computer systems, litigation databases, or convert data for inclusion in such databases;

g. any videographer, court reporter, or typist, including their employees, recording or transcribing any testimony or deposition;

h. private arbitrators or mediators;

i. court personnel; and

j. a witness at any deposition or other proceeding in this action, but only during that deposition or proceeding.

Persons identified in Paragraphs 4.c. – e. inclusive and (h), who receive Confidential Information, shall be provided by the Party disseminating such information to them with a copy of this Order and shall execute a declaration, in substantially the form attached hereto as Exhibit

A, prior to receipt of any Confidential Information, affirming that they have reviewed such Order and agree to be bound by it.

Counsel for any Party may designate as Confidential Information that part of a deposition transcript that discloses or discusses Confidential Information by making a statement to that effect for inclusion in the deposition transcript at or prior to the conclusion of a deposition and/or by notifying the other Party in writing of the designation within thirty (30) business days after receipt by that Party of the deposition transcript. All deposition transcripts in this action shall be treated as Confidential in their entirety until thirty (30) days after receipt by that Party of the deposition transcript. Upon being informed that certain portions of a deposition transcript are being designated as Confidential, all Parties shall cause each copy of the transcript in its possession, custody, or control to be appropriately marked and limit the disclosure of that transcript in accordance with this Order.

Any Party shall have the right to challenge the designation of any Disclosure Materials as Confidential Information in writing, stating with specificity the document, deposition transcript, other material or portion thereof which the challenging Party believes has been improperly designated as confidential, and stating with specificity the reasons for such challenge. The Parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the Party challenging the designation may request appropriate relief from the Court. Until there is a determination by the Court, the Disclosure Material at issue shall be treated as Confidential Information and subject to the terms of this Order. Any failure to object to any material being designated as Confidential Information shall not be construed as an admission by any non-designating Party that the material constitutes Confidential Information.

Any non-party who produces documents during the course of this action who agrees to be bound by this Order by executing a declaration in substantially the form attached hereto as Exhibit A may designate Disclosure Material as Confidential with the protections of this Order.

Nothing contained herein shall operate to prevent a Party from disclosing its own Confidential Information as it deems appropriate, or shall preclude any other Party from disclosing or using information contained in Confidential Information if it is obtained from another non-confidential source.

Upon final termination of this action, including the exhaustion of all appeals, the receiving Parties and their counsel shall, upon written request of the designating party, destroy all copies of all Disclosure Materials embodying Confidential Information, including all copies of those materials that were so designated, and provide written confirmation to the other Party that such destruction has taken place. Each Party's counsel may retain Confidential Information that is annexed or attached to any filing or that is incorporated into attorney work product, but otherwise shall either destroy all materials containing or referencing Confidential Information or return such materials to the producing Party. Counsel for the Parties shall ensure that their clients, witnesses, advisors, and consultants have complied with this provision.

The provisions of this Order shall survive the conclusion of this action. Nothing contained herein shall constitute a waiver of the right to assert any objection to a demand for disclosure; nor shall anything contained herein prevent disclosure beyond the terms of this Order if the producing Party consents in writing to such disclosure, or limit or prejudice the right of any Party, after reasonable attempts to resolve the dispute informally, to seek a Court order broadening or restricting the rights of access to or use of Confidential Information, or for other modifications of this Order.

Any Party or person receiving Confidential Information covered by this Order that receives a subpoena or becomes subject to an order for production or disclosure of Confidential Information shall, within five (5) business days of receipt thereof and/or sufficiently in advance to allow the source to assert their rights, give written notice by email to counsel for the source of the Confidential Information identifying the information sought and attaching a copy of the order, subpoena, or other legally-mandated request. The person subject to the subpoena, request, or order of any court, arbitrator, attorney, government agency, or like entity shall not produce or disclose the requested information without consent of the source of the information or until ordered by a court of competent jurisdiction to do so, provided that the source makes a timely motion or other application for relief from the subpoena or other request in the appropriate form.

If a Party's production of documents or other disclosures inadvertently include privileged documents, attorney work-product, or confidential supervisory information (see 12 CFR Part 261; 12 CFR Part 309; 12 CFR Part 1070; N.C.Gen.Stat. § 53C-2-7), or other documents containing privileged or protected information, such Party's inadvertent production of any such documents will not constitute a waiver of privilege. Privileged documents inadvertently produced may be "clawed back" by the Party that produced them. Within fourteen (14) days of serving a written notice of the inadvertent disclosure to the receiving Party, the receiving Party will locate and return or destroy all copies of any such document and any such document shall, in any event, not thereafter be used for any purpose, unless adjudicated not to be privileged. Nothing in this provision shall alter any attorney's responsibilities under applicable law or codes of ethics when confronted with inadvertently produced privileged information or documents.

Any pleading submitted to the Court that contains or references Confidential Information shall, to the extent permitted by applicable court procedures be filed under seal, with a redacted version not disclosing Confidential Information to be filed publicly. The party designating the

Confidential Information shall have the burden of satisfying any court requirement for maintaining the documents under seal. Nothing contained here shall preclude or restrict the offering of any Confidential Information as evidence at any trial or hearing of this matter, but any Party intending to refer to or introduce Confidential Information at any hearing or trial shall make that fact known to the Party designating the Confidential Information in advance, so that application can be made for appropriate relief, if the designating Party considers that appropriate.

Any Party may propose modifications to this Order by further agreement of counsel if circumstances warrant or, for good cause shown, may seek to modify this Order upon motion made to the Court.

**SO ORDERED**.

Signed: June 8, 2023

David C. Keesler
United States Magistrate Judge

**WE SO STIPULATE THIS 7ᵗʰ DAY OF JUNE 2023**.

| | |
|---|---|
| */s/ Timothy J. Sostrin* | */s/ Brian A. Kahn* |
| Timothy J. Sostrin (pro hac vice) | Brian A. Kahn (NC State Bar No. 29291) |
| Keith J. Keogh (pro hac vice) | Alexander G. Keith (NC State Bar No. 57953) |
| KEOGH LAW, LTD. | McGUIREWOODS LLP |
| 55 W. Monroe St. Suite 3390 | 201 North Tryon Street |
| Chicago, IL 60603 | Suite 3000 |
| tsostrin@KeoghLaw.com | Charlotte, NC 28202 |
| keith@keoghlaw.com | Tel.: (704) 343-2000 |
| | Fax: (704) 343-2300 |
| Karl S. Gwaltney | bkahn@mcguirewoods.com |
| Maginnis Law, PLLC | akeith@mcguirewoods.com |
| N.C. State Bar No. 45118 | |
| 7706 Six Forks Road, Suite 101 | Bryan A. Fratkin (Va. State Bar No. 38933) |
| Raleigh, North Carolina 27615 | (pro hac vice) |
| Telephone: 919-526-0450 | Katherine E. Lehnen (Va. State Bar No. 92357) |
| Fax: 919-882-8763 | (pro hac vice) |
| kgwaltney@maginnishoward.com | McGUIREWOODS LLP |
| | 800 East Canal Street |
| *Counsel for Plaintiff* | Richmond, VA 23219 |
| | Tel.: (804) 775-1000 |
| | Fax: (804) 775-1061 |
| | bfratkin@mcguirewoods.com |
| | klehnen@mcguirewoods.com |
| | |
| | Sarah A. Zielinski (IL State Bar No. 6294156) |
| | (pro hac vice) |
| | McGUIREWOODS LLP |
| | 77 West Wacker Drive |
| | Suite 4100 |
| | Chicago, IL 60601 |
| | Tel.: (312) 849-8288 |
| | Fax: (312) 698-4598 |
| | szielinski@mcguirewoods.com |
| | |
| | *Counsel for Defendant Truist Bank* |

# EXHIBIT A

## DECLARATION

_____, being duly sworn, deposes and says:

I am employed as (state position) _____ by (state name and address of employer) _____.

I am aware that the Court has entered a Stipulated Protective Order in the civil action entitled: Kevin Truong v. Truist Bank, Case No. 3:23-CV-079-MOC-DCK. I have received and read a copy of that Stipulated Protective Order.

I agree that I will be bound by the terms of the Stipulated Protective Order as though I were a party to the litigation, and I will not disclose or discuss material produced by any party to or with any person other than those permitted access to such material under the Confidentiality Agreement.

_____ (Signature)
_____ (Date)