# EXHIBIT 3

# UNITED STATES DISTRICT COURT
for the
Western District of North Carolina

| | |
|---|---|
| KEVIN TRUONG, on behalf of himself and all others similarly situated <br> *Plaintiff* <br> v. <br> TRUIST BANK <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 3:23-CV-079-MOC-DCK |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: AT&T MOBILITY LLC,
c/o CT Corporation System, Registered Agent, 160 Mine Lake Ct. Ste. 200, Raleigh, NC 27615

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

SEE ATTACHED EXHIBIT A

| Place: McGuireWoods LLP, c/o Elizabeth Z. Timmermans <br> 501 Fayetteville St., Suite 500, <br> Raleigh, NC 27601 <br> eztimmermans@mcguirewoods.com | Date and Time: <br> 12/18/2023 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/17/2023

*CLERK OF COURT*

OR

_____     /s/ Brian A. Kahn
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant Truist Bank , who issues or requests this subpoena, are:
Brian A. Kahn, McGuireWoods LLP, 201 N. Tryon St., Suite 3000, Charlotte, NC 28202; bkahn@mcguirewoods.com, 704-343-2000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:23-CV-079-MOC-DCK

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

# EXHIBIT A TO DOCUMENT SUBPOENA OF TRUIST BANK

## DEFINITIONS AND INSTRUCTIONS

For the purposes of this document subpoena, unless the context indicates otherwise, the following words and phrases are defined and shall mean as follows:

1. The terms "all," "any," and "each" shall be construed as encompassing any and all.

2. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

3. Any word written in the singular shall be construed as the plural when necessary to bring within the scope of the requests all responses which might otherwise be construed to be outside their scope.

4. Verb tenses shall be interpreted to include past, present, and future tenses.

5. "AT&T," "you," and "your" include AT&T Mobility, LLC, and any agents, representatives, subsidiaries, affiliates, attorneys, managers, officers, directors, or others acting on behalf of AT&T Mobility, LLC.

6. "Kevin Truong," "Truong," or "Plaintiff" refers to Kevin Lee Truong, born on --/--/1990, the subscriber or user of phone number 712-345-████ currently residing in Georgetown, Texas.

7. "Action" refers to the above-captioned lawsuit styled, *Kevin Truong v. Truist Bank*, No. 3:23-cv-79 (W.D.N.C.).

8. The term "communication" shall mean any verbal or written utterance, notation, transmission, or statement of any nature whatsoever between or among two or more persons, by or to whomever made, and includes, without limitation, correspondence (formal or informal),

notes, letters, or other mail (including faxes and e-mail), telephone calls, face-to-face conversations, memoranda, text messages, voice messages, interviews, agreements, and understandings.

9. The term "concern," including its various forms such as "concerning," shall mean relating to, referring to, describing, evidencing, constituting, reflecting on, arising out of, or being in any way or manner legally, factually, or logically connected with the matter discussed.

10. The term "document" shall be construed in the most comprehensive and inclusive sense permitted by Federal Rules of Civil Procedure 34 and 45 for the term "documents or electronically stored information" and includes, without limitation, any written, recorded or graphic matter, however produced or reproduced, including, but not limited to, all writings, records, papers, contracts, agreements, correspondence, communications, reports, lists, notes (handwritten or otherwise), memoranda, work papers, call reports, notes or minutes of personal conversations or meetings, work logs, invoices, receipts, time sheets, drawings, designs, sketches, worksheets, schedules, sound recordings, photographs, maps, sketches, diagrams, videotapes, films, ledgers, books of account, catalogs, brochures, press releases, newspaper or magazine clippings, e-mail communications, text messages, written statements of witnesses or other persons having knowledge of the pertinent facts, or computer printouts. The term "document" also includes any and all copies of any document that contain any notation or otherwise differ from the original and other copies, and specifically includes any and all drafts of the above and any and all handwritten notes or notations in whatever form, together with any attachments to any such documents. The term "document" expressly includes all computer records.

11. The term "person" shall mean any natural person or any business, legal, or governmental entity or association.

2

Case 3:23-cv-00079-MOC-DCK   Document 27-3   Filed 12/01/23   Page 6 of 9

12. The phrase "relate to," including its various forms such as "relating to," shall mean relate to, consist of, constitute, refer to, reflect upon, or be in any way logically or factually connected with the matter discussed.

13. Unless otherwise stated, the "relevant time period" means the time period during which Kevin Truong subscribed to or used telephone number 712-345-███. Upon information and belief, that time period is approximately April or May 2019, through December 2020 or January 2021.

## DOCUMENTS TO BE PRODUCED

1. All documents concerning the account associated with telephone number 712-345-███, including but not limited to:

    a. Monthly billing statements reflecting the cellular telephone services rendered and payments made;

    b. All call logs concerning all inbound calls to and outbound calls from telephone number 712-345-███, including the date, time, and duration of each call, along with the connecting phone number from which each inbound call was placed, or to which each outbound call was placed;

    c. All voicemail message logs concerning all voicemail messages received by telephone number 712-345-███, including the date, time, and duration of each voicemail message, as well as the inbound telephone number responsible for leaving each voicemail message; and

    d. All text message logs concerning all text messages sent and received by telephone number 712-345-███, including the date, time, sender's phone

number, recipient's phone number, and direction of the text message (incoming or outgoing). This request excludes the substantive content of text messages.

2. All documents sufficient to identify the source of payment for cellular telephone services rendered to telephone number 712-345-■■■, including the account from which payment was made and the identity of the account holder(s).

3. All documents reflecting any communications between AT&T and Kevin Truong, including but not limited to online chat dialogues.

4. All customer notes and account notes relating to Kevin Truong.

5. All subscriber agreements, contracts, and other documents sufficient to identify the subscriber(s) and user(s) on the account associated with telephone number 712-345-■■■ during the relevant time period.

6. If telephone number 712-345-■■■ was part of a group telephone plan during the relevant time period, all documents sufficient to identify the telephone numbers and persons who were part of that group plan.

7. All documents sufficient to identify the reference numbers and other information (e.g., model, serial, and other identification numbers and information) for any cellular phones or other devices associated with the telephone number 712-345-■■■ during the relevant time period.

8. All documents relating to Kevin Truong porting telephone number 712-345-■■■ to AT&T in or around April or May 2019.

9. All communications with any person relating to Kevin Truong or the Action from April 2019 to the present.

10. All documents produced in response to any other subpoena you received regarding Kevin Truong or telephone number 712-345-■■■, including but not limited to any subpoena

4

issued in connection with *Truong v. CVS Pharmacy*, No. 8:20-cv-1176 (C.D. Cal. filed July 2, 2020), and *Truong v. Allstate Motor Club, Inc.*, No. 1:21-cv-5637 (N.D. Ill. filed October 22, 2021).