UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-79-MOC

| | |
|---|---|
| KEVIN TRUONG, individually and on behalf of all others similarly situated, )))) | |
| Plaintiff, )) | |
| vs. )) | **ORDER** |
| TRUST BANK, ))) | |
| Defendant. )) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Preliminary Approval of the proposed class action settlement (the "Settlement"). (Doc. No. 50). The Action was brought by Plaintiff Kevin Truong ("Plaintiff', "Truong", or "Settlement Class Representative"), individually and on behalf of all others similarly situated, against defendant Truist Bank ("Truist" and, together with Plaintiffs, the "Parties"). Based on this Court's review of the Parties' Settlement Agreement and Release (the "Agreement"), Plaintiff's Motion for Preliminary Approval of Settlement, and the arguments of counsel and good cause having been shown, **THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS**:

1. <u>Settlement Terms</u>. Unless otherwise defined herein, all terms in this Order shall have the meanings ascribed to them in the Agreement.

2. <u>Jurisdiction</u>. The Court has jurisdiction over the subject matter of the Action, the Parties, and all persons in the Settlement Class.

3. <u>Scope of Settlement</u>. The Agreement resolves claims that arise out of or relate to Truist allegedly placing prerecorded telephone calls to cellular telephone numbers concerning unrelated accounts, without prior express consent.

4. <u>Preliminary Approval of Proposed Agreement</u>. The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement. Based on this preliminary evaluation, the Court finds that: (a) the Agreement is fair, reasonable and adequate, and within the range of possible approval; (b) the Agreement has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case; and (c) with respect to the forms of notice of the material terms of the Settlement to persons in the Settlement Class for their consideration, that notice is appropriate and warranted. Therefore, the Court grants preliminary approval of the Settlement.

5. <u>Class Certification for Settlement Purposes Only</u>. The Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of this Settlement only, the following Settlement Class:

> "The subscribers or regular users of the 5,998 telephone numbers assigned to cellular telephone service in the United States to which Truist placed a prerecorded telephone call concerning an unrelated account between February 10, 2019, and August 31, 2022."

6. In connection with this conditional certification, the Court makes the following preliminary findings:

(a) The Settlement Class may contain thousands of natural persons and is so numerous that joinder of all members is impracticable;

(b) There appear to be questions of law or fact arising under the TCPA common to the Settlement Class for purposes of determining whether the Settlement should be approved;

(c) Plaintiff's claims appear to be typical of the claims being resolved through the Settlement;

(d) Plaintiff appears to be capable of fairly and adequately protecting the interests of all members of the Settlement Class in connection with the Settlement;

(e) For purposes of determining whether the Agreement is fair, reasonable and adequate, common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

(f) For purposes of the Settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class.

7. <u>Class Representative</u>. The Court appoints Kevin Truong to act as the representative of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

8. <u>Class Counsel</u>. The Court appoints Keith J. Keogh and Timothy Sostrin of Keogh Law, Ltd., as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure.

9. <u>Final Approval Hearing</u>. At a date to be set by Court Order, this Court will hold a Final Approval Hearing on the fairness, adequacy, and reasonableness of the Agreement and to determine whether (a) final approval of the Settlement embodied by the Agreement should be granted, and (b) Class Counsel's application for attorneys' fees and expenses, and service award to Plaintiff, should be granted, and in what amount. No later than the Notice Deadline set forth below, Plaintiff must file papers in support of Class Counsel's application for attorneys' fees and

expenses and the service award to the Plaintiff. No later than twenty-eight (28) days after the end of the Opt-Out/Objection Period, Plaintiff must file papers in support of final approval of the Settlement, proof of class notice, a list of all persons who requested exclusion (to be filed under seal), and response to any written objections.

10. <u>Settlement Administrator</u>. Verita Global, LLC is hereby appointed as the Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator, as set forth in the Agreement and this Order.

11. <u>Class Notice</u>. The Court approves the proposed plan for giving notice to the Settlement Class by directly mailing notice where mailing addresses are available and emailing notice where e-mail addresses are available but no mailing address is available, combined with a Settlement Website, as more fully described in Plaintiff's Motion and the Agreement ("Notice Plan"). The Notice Plan, in form, method and content, complies with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and constitutes the best notice practicable under the circumstances. The Court hereby directs the Parties and the Settlement Administrator to complete all aspects of the Notice Plan no later than sixty (60) days from the date of this Order ("Notice Deadline").

12. <u>Opt-Out/Objection Period</u>. Persons in the Settlement Class who wish to either object to the Settlement or request exclusion from the Settlement Class must do so by sixty (60) calendar days after the Notice Deadline. Persons in the Settlement Class may not both object and opt-out. If a person both requests to opt out and objects, the request to opt out will control.

13. <u>Exclusion from the Settlement Class</u>. To request exclusion from the Settlement Class, a person in the Settlement Class must send a written request to the Settlement Administrator at the address designated in the Class Notice no later than the last day of the Opt-Out/Objection

Period. Exclusion requests must: (i) be signed by the person in the Settlement Class who is requesting exclusion, or their representative; (ii) include the name and address of the person in the Settlement Class requesting exclusion; and (iii) include a statement or words to the effect of the following: "I request to be excluded from the settlement in the Truong v. Truist action, and understand that by doing so I will not be entitled to receive any of the benefits from the settlement." No request for exclusion will be valid unless all of the information described above is included. No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person in the Settlement Class from the Settlement Class. The Settlement Administrator must retain a copy of all requests for exclusion.

If a timely and valid exclusion request is made by a person in the Settlement Class, then the Agreement and any determinations and judgments concerning the Settlement will not bind the excluded person.

14. <u>Binding Effect</u>. All Settlement Class Members will be bound by all determinations and judgments concerning the Settlement.

15. <u>Objections to the Settlement</u>. To object to the Settlement, Class Members must follow the directions below and in the Class Notice and sign and file a written objection with the Court no later than the last day of the Opt-Out/Objection Period. The objection must also be mailed to each of the following, postmarked no later than the last day to file the objection: (i) Keith J. Keogh and Timothy Sostrin, Keogh Law, Ltd., 55 W. Monroe, Ste. 3390, Chicago, Illinois 60603; and (ii) Sarah A. Zielinski, McGuireWoods LLP, 77 West Wacker Drive, Suite 4100, Chicago, IL 60601-1818.

5

An objection must provide: (i) class member ID, full name, current address, current telephone number; (ii) documentation sufficient to establish membership in the Settlement Class; (iii) a statement of reasons for the objection, including the factual and legal grounds for the objector's position; (iv) copies of any other documents the objecting Settlement Class Member wishes to submit in support of his/her/its position, and (v) state whether the objector intends to appear at the final approval hearing, and if so, include all evidence the objector intends to present at the hearing. Any Settlement Class Member who fails to comply with these requirements will not be permitted to object to the Settlement at the Final Approval Hearing, will be foreclosed from seeking any review of the Settlement by appeal or other means, will be deemed to have waived his, her or its objections, and will be forever barred from making any objections in the Action or any other related action or proceeding. All Settlement Class Members will be bound by all determinations and judgments in the Action, whether favorable or unfavorable to the Settlement Class.

For any objection filed, the Clerk of the Court is ordered to redact any social security number, the street address, telephone number and last name except first letter of last name in order to protect the objector's privacy. The objector's first name and city, state and zip code, as well as the objection, will not be redacted.

16.     <u>Stay of Other Proceedings</u>. Pending the final determination of whether the Settlement should be approved, all pre-trial proceedings and briefing schedules in the Action are stayed.

Pending the final determination of whether the Settlement should be approved or until a class member validly excludes themselves from the Settlement Class, Plaintiff and all persons in the Settlement Class are hereby stayed and enjoined from commencing, pursuing, maintaining,

6

enforcing or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral or other forum, against any of the Released Parties. Such injunction will remain in force until the Court enters the Final Approval Order or until such time as the Parties notify the Court that the Settlement has been terminated. Nothing herein will prevent any person in the Settlement Classes, or any person actually or purportedly acting on behalf of any such person(s), from taking any actions to stay or dismiss any Released Claim(s). This injunction is necessary to protect and effectuate the Agreement, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Agreement and to enter judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments. This injunction does not apply to any person who requests exclusion from the Settlement.

17. <u>Return to Status Quo if No Settlement Effective Date</u>. If for any reason whatsoever this Settlement is not finalized or the Settlement as detailed in the Agreement is not finally approved by the Court, the certification of the Settlement Class shall be void and the Parties and the Action will return to the status quo as it existed prior to the Agreement, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings, in response to any motion seeking class certification, any motion seeking to compel arbitration or otherwise asserted at any other stage of the Action or in any other proceeding. No agreements, documents or statements made by or entered into by any Party in connection with the Settlement may be used by Plaintiff, any person in the proposed Settlement Class, Defendant or any other person to establish liability, any defense and/or any of the elements of class certification, whether in the Action or in any other proceeding.

In the event that the Settlement is not approved, or is terminated, canceled or fails to become effective for any reason, the money remaining in the Settlement Fund (including accrued

interest), less reasonable administrative expenses incurred or due and owing and payable from the Settlement Fund in accordance with the Agreement, shall be returned to Defendant within 15 days of the event that causes the Agreement to not become effective.

18. <u>No Admission of Liability</u>. The Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by Defendant, or the truth of any of the claims. Evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Agreement, this Order, and the Final Approval Order.

19. <u>Reasonable Procedures to Effectuate the Settlement</u>. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Class Notice and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to persons in the Settlement Class.

20. <u>Schedule of Future Events</u>. Accordingly, the following are the deadlines by which certain events must occur:

| 60 days after the date of this Order | Deadline for notice to be provided in accordance with the Agreement and this Order (Notice Deadline) |

| | |
|---|---|
| 60 days after the date of this Order | Deadline for filing of Plaintiff's Motion for Attorneys' Fees and Costs and Service Award |
| 60 days after the Notice Deadline | Deadline to file objections or submit requests for exclusion (Opt-Out/Objection Deadline) |
| 28 days after the Opt-Out/Objection Deadline | Deadline for Plaintiff to file the following:<br>(1) List of persons who made timely and proper requests for exclusion (under seal);<br>(2) A Response to any objections;<br>(3) Proof of Class Notice; and<br>(4) Motion and memorandum in support of final approval. |
| No earlier than 116 days from the entry of this Order | Final Approval Hearing |

IT IS SO ORDERED.

Signed: April 30, 2025

Max O. Cogburn Jr
United States District Judge