UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-79-MOC-DCK

| | |
|---|---|
| KEVIN TRUONG, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRUIST BANK,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  **ORDER**<br>)<br>)<br>)<br>)<br>)<br>) |

**THIS MATTER** is before the Court on Plaintiff's Motion for Final Approval of Class Action Settlement and on Plaintiff's Motion for Attorney Fees. (Doc. Nos. 54, 55). The Court, having held a Final Approval Hearing on October 16, 2025, notice of the hearing having been duly given in accordance with this Court's Order (1) Preliminarily Approving Class Action Settlement, (2) Conditionally Certifying a Settlement Class, (3) Approving Notice Plan and (4) Setting Final Approval Hearing (the "Preliminary Approval Order"), and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Final Approval Order and good cause appearing therefore,

It is hereby **ORDERED**, **ADJUDGED** and **DECREED** as follows:

1. The Settlement Agreement and Release between Plaintiff Kevin Truong ("Plaintiff") and Truist Bank ("Defendant") dated April 10, 2025, including its Exhibits (the "Agreement"), and the definition of words and terms contained therein, are incorporated by reference and are used hereafter. The terms and definitions of this Court's Preliminary Approval Order (Doc. No. 52) are also incorporated by reference into this Final Approval Order.

1

2. This Court has jurisdiction over the subject matter of the Action and over the Parties, including all Settlement Class Members with respect to the Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order, as follows:

> "The subscribers or regular users of the 5,998 telephone numbers assigned to cellular telephone service in the United States to which Truist placed a prerecorded telephone call concerning an unrelated account between February 10, 2019, and August 31, 2022."

3. The Court hereby finds that the Agreement is the product of arm's length settlement negotiations between Plaintiff and Defendant that resulted from mediations on October 7, 2024, and January 17, 2025 before Judge Gold (Ret.) of JAMS, who has extensive experience mediating class actions including those brought pursuant to the TCPA.

4. The Court hereby finds and concludes that Class Notice was disseminated to persons in the Settlement Class consistent and in accordance with the terms of the Agreement and that the Class Notice and its dissemination were in compliance with this Court's Preliminary Approval Order.

5. The Court further finds and concludes that the Class Notice procedures set forth in the Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided due and sufficient individual notice to all persons in the Settlement Class who could be identified through reasonable effort and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Agreement and this Final Approval Order.

6. There were no objections to the Agreement from the Settlement Class. The Court notes that there was one letter from a non-class member, which was not filled with the Court as required by the preliminary approval order. After careful consideration, the Court finds this person

does not have standing to object as he is not a class member, complains about calls from an entity not related to the calls at issue in this case and fails to raise any meritorious objection. Thus, even if this letter is treated as a properly filed objection, the Court overrules it.

7. There were no exclusions from the Settlement Class.

8. The Court hereby fully and finally approves the Agreement and finds that the terms constitute, in all respects, a fair, reasonable and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure.

9. The Court hereby fully and finally certifies the Settlement Class for settlement purposes. The Court finds for settlement purposes that the Action satisfies all the requirements of Rule 23 of the Federal Rules of Civil Procedure.

10. The Court hereby approves the plan of distribution for the Settlement Fund as set forth in the Agreement. The Settlement Administrator is hereby ordered to comply with the terms of the Agreement with respect to distribution of Settlement Awards and disposition of any remaining funds thereafter. Should any funds be remaining after any second distribution, the Court hereby approves the National Consumer Law Center and Legal Aid of North Carolina as the *cy pres* recipient(s) who shall receive an equal distribution. The Court finds this/these organization(s) is/are closely aligned with the class's interests.

11. This Court hereby dismisses this Action, with prejudice, without costs to any party, except as expressly provided for in the Agreement.

12. As of the Settlement Effective Date, the Plaintiff and each and every one of the Releasing Settlement Class Members unconditionally, fully and finally release and forever discharge the Released Parties from the Released Claims as fully set forth in the Agreement. The

3

Case 3:23-cv-00079-MOC-DCK    Document 56    Filed 10/23/25    Page 3 of 7

Released Claims are dismissed with prejudice and released regardless of whether those claims are known or Unknown Claims, actual or contingent, liquidated or unliquidated, choate or inchoate.

13. The Agreement (including any and all exhibits attached thereto) and any and all negotiations, documents, and discussions associated with it are subject to Rule 408 of the Federal Rules of Evidence and will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by Defendant, or the truth of any of the claims. Evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Agreement, the Preliminary Approval Order and/or this Final Approval Order.

14. If for any reason whatsoever this Settlement fails to become effective for any reason, the certification of the Settlement Class shall be void and the Parties and the Action will return to the status quo as it existed prior to the Agreement. The Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if this Agreement had never been executed, and any orders entered by the Court in connection with this Agreement shall be vacated. However, any payments made to the Settlement Administrator for services rendered to the date of termination shall not be refunded by Defendant.

15. In the event that any provision of the Agreement or this Final Approval Order is asserted by Defendant as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any

Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Agreement, this Final Approval Order and this Court's authority to effectuate the Agreement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

16. Class Counsel have moved pursuant to FED. R. CIV. P. 23(h) for an award of attorneys' fees and reimbursement of expenses. Pursuant to Rules 23(h)(3), this Court makes the following findings of fact and conclusions of law:

(a) that the Class Settlement confers substantial benefits on the Settlement Class Members;

(b) that the value conferred on the Settlement Class is immediate and readily quantifiable upon this Judgment becoming Final (as defined in the Agreement), Settlement Class Members will receive cash payments that represent a significant portion of the damages that would be available to them were they to prevail in an individual action under the Telephone Consumer Protections Act ("TCPA");

(c) that Class Counsel vigorously and effectively pursued the Settlement Class Members' claims before this Court in this complex case;

(d) that the Class Settlement was obtained as a direct result of Class Counsel's advocacy;

5

(e) that the Class Settlement was reached following extensive negotiation between Class Counsel and Counsel for Defendant and was negotiated in good-faith and in the absence of collusion;

(f) that Settlement Class Members were advised in the Class Notice approved by the Court that Class Counsel intended to apply for an award of attorneys' fees of 33 1/3%, which equaled an amount of $1,336,666 and reasonable expenses incurred in the prosecution of the Litigation, to be paid from the Settlement Fund;

(g) that no members of the Settlement Class have submitted written objections to the award of attorneys' fees and expenses;

(h) that counsel who recover a common benefit for persons other than himself or his client is entitled to a reasonable attorneys' fee from the Settlement Fund as a whole. See, e.g., Boeing Co. v. Van Gemert, 444 U.S. 472, 478 (1980); Brundle v. Wilmington Trust, N.A., 919 F.3d 763, 786 (4th Cir. 2019) ("courts routinely impose enhanced common fund awards to compensate counsel for litigation risk at the expense of beneficiaries who did not shoulder this risk"); and accordingly, Class Counsel are hereby awarded $1,336,666 for attorneys' fees and $16,631 for reimbursed expenses from the Settlement Fund, which the Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Agreement.

17. The Class Representative, as identified in the Preliminary Approval Order, is hereby compensated in the amount of $25,000 for his efforts in this case. See Berry v. Schulman, 807 F.3d 600, 613 (4th Cir. 2015) ("Incentive awards are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk

6

undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general.").

18. In accordance with the terms of this Order, Plaintiff's Motion for Final Approval of Class Action Settlement and on Plaintiff's Motion for Attorney Fees, (Doc. Nos. 54, 55), are **GRANTED**.

**IT IS SO ORDERED**. Signed: October 23, 2025

Max O. Cogburn Jr
United States District Judge